Alfred CUTLER, et ux., Plaintiffs,

v.

RAYMARK INDUSTRIES, INC., et al., Defendants.

Alfred CUTLER, et ux., Plaintiffs,

v.

NATIONAL GYPSUM COMPANY, et al., Defendants.

Civ. A. Nos. 85–4470, 85–6579.

United States District Court, District of New Jersey.

Feb. 23, 1989.

Carlo Scaramella, Peter J. Boyer, Jay M. Tuckerman, Blank, Rome, Comisky & McCauley, Cherry Hill, N.J., for plaintiffs.

Andrew T. Berry, Michael A. Tanenbaum, Honora M. Keane, McCarter & English, Newark, N.J., for defendants Owens–Illinois, Inc., The Celotex Corp., Keene Corp., Pittsburgh–Corning Corp., Armstrong World Industries, Inc., Fibreboard Corp., Porter Hayden Co., Inc., ACandS, Inc., Nosroc, Inc., T & N, plc and National Gypsum Co.

John M. Byrne, Connell, Foley & Geiser, Roseland, N.J., for defendants H.K. Porter Co., Inc. and Southern Textile Corp.

Harry Haushalter, Deputy Atty. Gen., Donald R. Belsole, Acting Atty. Gen. of New Jersey, Trenton, N.J., for intervenor.

OPINION

WOLIN, District Judge.

In this asbestos action, defendants named in two complaints filed by plaintiffs move, on statute of limitations grounds, for summary judgment dismissing one or both of plaintiffs' claims for asbestos-related injuries. Defendants contend that the New Jersey tolling statute, N.J.S.A. 2A:14–22, is unconstitutional as an impermissible burden on interstate commerce under the dictates of the United States Supreme Court's decision in *Bendix Autolite Corporation v. Midwesco Enterprises, Inc.,* —— U.S. ——, 108 S.Ct. 2218, 100 L.Ed.2d 896 (1988). For the reasons set forth below, the Court finds that the New Jersey tolling statute is constitutional and therefore denies defendants' motion for summary judgment.

I. BACKGROUND

On September 11, 1985, plaintiffs, Alfred Cutler and his wife, Margaret, residents of New Jersey, filed a complaint against defendants, Owens–Illinois, Inc., Celotex Corporation, Keene Corporation, Pittsburgh–Corning Corporation, Armstrong World Industries, Inc., Fibreboard Corporation, Porter Hayden Co., Inc., AC & S, Inc., Nosroc, Inc. and T & N, plc., alleging that as a result of exposure to defendants' asbestos products, plaintiff, Alfred Cutler, had sustained present injuries, including colon cancer, and threatened future injuries to his respiratory system and other parts of the body.

On December 2, 1985, plaintiffs filed a subsequent complaint against National Gypsum and TNT Liquidating Company, wherein plaintiffs repeated the same allegations set forth in their first complaint. On November 3, 1986, the two complaints were consolidated by Order of United States Magistrate G. Donald Haneke. None of the defendants are New Jersey corporations.

Plaintiff Alfred Cutler worked as a laborer and pipe fitter from approximately 1946 until 1981. Plaintiff's employers included the Mobil Oil Corporation ("Mobil") at a facility in Paulsboro, New Jersey. In January, 1982, a doctor at Mobil apparently informed Cutler that he had an asbestos-related pulmonary condition. On October 5, 1983, Cutler was diagnosed with cancer of the colon. Cutler died on July 31, 1987. Margaret Cutler now pursues the suit in her own behalf and as the executrix of her husband's estate.

II. DISCUSSION

For purposes of this motion, the legal issue can be narrowed to whether the New Jersey tolling statute, N.J.S.A. 2A:14–22,[1] which tolls the running of the statute of limitations in actions against nonresident defendants who are not represented within

---

1. N.J.S.A. 2A:14–22 provides:

    If any person against whom there is any of the causes of action specified in sections 2A:14–1 to 2A:14–5 and 2A:14–8, or if any surety against whom there is a cause of action specified in any of the sections of article 2 of this chapter, is not a resident of this State when such cause of action accrues, or removes from this State after the accrual thereof and before the expiration of the times limited in said sections, or if any corporation or corporate surety not organized under the laws of this State, against whom there is such a cause of action, is not represented in this State by any person or officer upon whom summons or other original process may be served, when such cause of action accrues or at any time before the expiration of the times so limited, the time or times during which such person or surety is not residing within this State or such corporation or corporate surety is not so represented within this State

170

New Jersey during the limitation period, violates the Commerce Clause of the United States Constitution. The issue is paramount in this case because unless the tolling statute applies, plaintiffs' claim for asbestos-related pulmonary injury would be barred against all defendants named in both actions by virtue of New Jersey's two-year statute of limitations for personal injury actions. N.J.S.A. 2A:14–2. The two-year limitation period would also bar plaintiffs' claim for colon cancer against those defendants named in plaintiffs' December 2, 1985 complaint.[2]

Defendants argue that the United States Supreme Court's recent decision in *Bendix Autolite Corporation v. Midwesco Enterprises, Inc.,* — U.S. —, 108 S.Ct. 2218, 100 L.Ed.2d 896 (1988), mandates a finding that N.J.S.A. 2A:14–22 is unconstitutional as an impermissible burden on interstate commerce. In *Bendix,* the Supreme Court found that the Ohio tolling statute violated the Commerce Clause. The Court stated:

> The Ohio statute of limitations is tolled only for those foreign corporations that do not subject themselves to the general jurisdiction of Ohio Courts. In this manner the Ohio statute imposes a greater burden on out-of-state companies than it does on Ohio companies, subjecting the activities of foreign and domestic corporations to inconsistent regulations.

*Bendix,* — U.S. at —, 108 S.Ct. at 2222.

Defendants contend that the New Jersey tolling statute operates as to them in the same manner the Supreme Court found objectionable in *Bendix.* The Court disagrees. In *Bendix,* the predominant concern which the Supreme Court expressed about the Ohio tolling statute was that it confronted foreign corporations with the choice of either foregoing statute of limitations protection or designating an agent for service of process and being subject to the general jurisdiction[3] of Ohio courts regardless of the corporation's contacts with Ohio. *Bendix,* — U.S. at —, 108 S.Ct. at 2221. The New Jersey tolling statute dues not impose the same choice on foreign corporations.

The present New Jersey tolling statute was enacted by the New Jersey Legislature in 1984 in response to the New Jersey Supreme Court's decision in *Coons v. American Honda Co., Inc.,* 94 N.J. 307, 463 A.2d 921 (1983). In *Coons,* the court found that the predecessor version of N.J.S.A. 2A:14–22 violated the Commerce Clause because it forced foreign corporations to obtain a "certificate to do business in New Jersey" in order to gain the benefit of the limitations period. The court found that the certificate requirement constituted a "forced-licensure provision" in contravention of the Commerce Clause. The state legislature subsequently amended 2A:14–22 so that a corporation could avail itself of the limitations period by filing "with the Secretary of State a notice designating a representative to accept service of pro-

shall not be computed as part of the period of time within which such an action is required to be commenced by the section. The person entitled to any such action may commence the same after the accrual of the cause therefor, within the period of time limited therefor by said section, exclusive of such time or times of nonresidence or nonrepresentation.

A corporation shall be deemed represented for purposes of this section if the corporation has filed with the Secretary of State a notice designating a representative to accept service of process.

2. Under New Jersey law, the accrual of a cause of action for statute of limitations purposes occurs when an injured person discovers, or should have discovered, that he has the basis for a claim. In the context of asbestos cases, a plaintiff's claim for pulmonary asbestosis may be deemed to accrue at an earlier time than a claim for an asbestos related cancer, despite the "entire controversy" doctrine. *Devlin v. Johns-Manville Corp.,* 202 N.J.Super. 556, 495 A.2d 495 (Law Div.1985).

3. Courts generally exercise personal jurisdiction over nonresident defendants in one of two manners. The first, general jurisdiction, exists when the claim does not arise out of or is otherwise unrelated to the defendant's contacts with the forum. The second, specific jurisdiction, is employed when the claim is related to or arises out of the defendant's contacts with the forum. See *Dollar Savings Bank v. First Security Bank of Utah,* 746 F.2d 208, 211 (3d Cir.1984). General jurisdiction ordinarily requires greater contacts between the defendant and the forum than are necessary for an exercise of specific jurisdiction.

cess." The State Senate Judiciary Committee stated:

> [The] filing of a notice designating a representative to accept process is a less burdensome requirement than obtaining a certificate to do business. Therefore, by providing that a foreign corporation would be deemed represented for purposes of N.J.S. 2A:14–22 if such a notice were filed, S–953 is intended to meet the Supreme Court's objections as stated in the *Coons* decision and thereby assist New Jersey citizens to pursue their claims against foreign corporations.

Senate Judiciary Committee Statement to Senate Bill 953 (1984), dated February 23, 1984.

The language of the amended version of N.J.S.A. 2A:14–22 does not specifically state whether a foreign corporation that designates a representative will be subject to general as opposed to specific jurisdiction.[4] However, given the stated intent of the New Jersey State Legislature to amend 2A:14–22 so that it would "[be] a less burdensome requirement" and therefore comport with the Commerce Clause, this Court finds that the present version of 2A:14–22 can be construed to mean that a foreign corporation that designates a representative can limit that designation to only cases where *in personam* jurisdiction would otherwise exist under New Jersey's Long–Arm Rule, N.J.Ct.R. 4:4–4(c)(1).[5] Indeed, the Judiciary Committee's statement that the purpose of 2A:14–22 is to "assist New Jersey citizens to pursue their claims against foreign corporations" suggests that the legislature was concerned only with insuring that New Jersey courts could exercise specific jurisdiction over foreign corporations which had caused injury to New Jersey plaintiffs, and that the Legislature did not intend to saddle New Jersey courts with the additional burden of adjudicating claims with no contact with the state.

Such a limiting construction of 2A:14–22 is further suggested by the practice of the New Jersey Secretary of State in accepting designation of representatives for service of process. Plaintiff has supplied the affidavit of Paul E. Wermuth, legal advisor to the New Jersey Secretary of State, who states that, upon the advice of the New Jersey Attorney General, the Secretary of State permits foreign corporations to limit their designations of representatives for service of process only to causes of action that would otherwise have the requisite minimum contacts with New Jersey. Wermuth Affidavit, ¶ 5. The New Jersey Attorney General, in his capacity as intervenor in this case, has also represented to the Court that foreign corporations can limit the jurisdictional effect of their designation of a representative for service of process.

■ The combination of the stated intent of the New Jersey Legislature to amend 2A:14–22 so that it would comply with the Commerce Clause and the actual practice of the Secretary of State in allowing foreign corporations to limit designations of representatives for service of process only to actions that otherwise would have minimum contacts with New Jersey convinces the Court that N.J.S.A. 2A:14–22 can and would be construed by the New Jersey Supreme Court as allowing for the limited designation procedure that the Secretary of State already permits.[6] A limiting con-

---

**4.** This failure to specify on the face of the statute does not, by itself, save the constitutionality of N.J.S.A. 2A:14–22. Without a limiting construction, designation of a representative under 2A:14–22, when taken in conjunction with the New Jersey Long–Arm Rule, N.J.S.A. 4:4–4(c)(1), would apparently suffice to expose a foreign corporation to general jurisdiction in New Jersey courts. Cf. *Litton Ind. Systems v. Kennedy Van Saun Corp.*, 117 N.J.Super. 52, 283 A.2d 551 (Law Div.1971).

**5.** New Jersey's Long–Arm Rule permits the exercise of jurisdiction "consistent with due process of law." In *Charles Gendler Co. v. Telecom Equip. Corp.*, 102 N.J. 460, 469, 508 A.2d 1127, 1131 (1986), the New Jersey Supreme Court stated that New Jersey permits out-of-state service "to the uttermost limits permitted by the United States Constitution."

**6.** The Court is mindful that in cases where federal courts are called upon to decide the constitutionality of state statutes that may be subject to limiting constructions that would preserve the statute's constitutionality, the federal court may abstain from deciding the constitutional issue until the state's highest court has an op-

struction such as this is in keeping with the principle that state and federal statutes should always be construed, if possible, so as to avoid an unconstitutional result. See *Johnson v. Robison,* 415 U.S. 361, 367, 97 S.Ct. 1160, 1165, 39 L.Ed.2d 389 (1974); *First Family Mortgage Corp. v. Durham,* 108 N.J. 277, 290, 528 A.2d 1288, 1294 (1987).

There remains the question of whether such a limiting construction of N.J.S.A. 2A:14–22 would actually satisfy the holding of the Supreme Court in *Bendix.* Analysis of *Bendix* suggests that the Court was primarily concerned that the Ohio tolling provision would force foreign corporations to submit to the general jurisdiction of the Ohio courts in cases where the corporation would not otherwise be amenable to general as opposed to specific jurisdiction. The Court stated:

> To gain the protection of the limitations period, Midwesco would have had to appoint a resident agent for service of process in Ohio and subject itself to the general jurisdiction of the Ohio courts. This jurisdiction would extend to any suit against Midwesco, whether or not the transaction in question had any connection with Ohio. The designation of an agent subjects the foreign corporation to the general jurisdiction of the Ohio courts in matters to which Ohio's tenuous relation would not otherwise extend. Cf. *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

*Bendix,* —— U.S. at ——, 108 S.Ct. at 2221 (footnotes omitted).

The *Bendix* Court found that this potential exposure to the general jurisdiction of Ohio courts was unduly burdensome on interstate commerce:

> Requiring a foreign corporation to appoint an agent for service in all cases and to defend itself with reference to all transactions, including those in which it did not have the minimum contacts necessary for supporting personal jurisdiction, is a significant burden.

*Id.*

■ Construing N.J.S.A. 2A:14–22 so as to permit a foreign corporation to limit its designation of a representative to causes of action in which minimum contacts otherwise exist would effectively eliminate any significant burdens on interstate commerce.[7] For example, a foreign corporation that had contacts with New Jersey sufficient only to support an exercise of specific jurisdiction, that is, jurisdiction over a claim arising from the corporation's contacts with the state, would not be forced to choose between exposing itself to the general jurisdiction of New Jersey courts or else foregoing the protection of New Jersey's statute of limitations that is afforded to New Jersey corporations. Thus, with a limiting construction, N.J.S.A. 2A:14–22 does not impose on foreign corporations the choice that the Supreme Court found objectionable in *Bendix.*

---

portunity to construe the statute. *Railroad Comm'n of Texas v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). However, the Court finds *Pullman* abstention is unwarranted in this case due to the clear evidence of the state's practice in carrying out N.J.S.A. 2A:14–22, the expressed intent of the New Jersey Legislature to amend the tolling provision so that it would comport with the Commerce Clause, and the likelihood of great delay in adjudicating the instant action if the Court abstains from deciding the constitutionality of the tolling statute. The Court also notes that one district of New Jersey case has already held that N.J.S.A. 2A:14–22 is *unconstitutional, Robinson v. Visual Packaging,* 705 F.Supp. 216 (D.N.J. 1989), further necessitating an immediate decision by this Court as to the constitutionality of N.J.S.A. 2A:14–22.

7. After being given such a limiting construction, N.J.S.A. 2A:14–22 could then be reconciled with the New Jersey Long–Arm Rule, N.J.Ct.R. 4:4–4(c)(1) so as to provide that a foreign corporation which designates an agent to receive process would be subject to *in personam* jurisdiction only to the extent such jurisdiction would otherwise exist based on minimum contacts analysis. Thus, if a foreign corporation had ties with New Jersey sufficient only to support the exercise of specific jurisdiction, designation of an agent pursuant to 2A:14–22 would not automatically expose the corporation to the exercise of general jurisdiction by New Jersey courts. *Contra, Robinson v. Visual Packaging,* 705 F.Supp. 216, 220 n. 5 (D.N.J.1989).

Of course, even with a limiting construction, N.J.S.A. 2A:14–22 does constitute a slight burden on interstate commerce in that it requires foreign corporations to do something that New Jersey corporations are not obliged to do in order to gain statute of limitations protection.[8] However, under the balancing test employed in *Bendix:* "weigh and assess the state's putative interests against the interstate restraints to determine if the burden imposed is an unreasonable one," *Bendix*, —— U.S. at ——, 108 S.Ct. at 2220, N.J.S.A. 2A:14–22 should not be found to violate the Commerce Clause.

Both the U.S. Supreme Court and the New Jersey Supreme Court have recognized that a state has a legitimate interest in attempting to make it easier for its residents to locate and serve process on foreign corporations that are potentially difficult to locate if unrepresented in the state. *G.D. Searle & Co. v. Cohn*, 455 U.S. 404, 102 S.Ct. 1137, 71 L.Ed.2d 250 (1982); *Velmohos v. Maren Engineering Corp.*, 83 N.J. 282, 416 A.2d 372 (1980). N.J.S.A. 2A:14–22 protects New Jersey citizens by encouraging foreign corporations to designate representatives to receive service of process, or, if such a designation is not made, the tolling provision insures that a New Jersey resident will not be barred by the statute of limitations from bringing suit against a foreign corporation that cannot be located for service of process. In this regard, in *G.D. Searle*, the Supreme Court stated: "The tolling provision is premised on a reasonable assumption that unrepresented foreign corporations, as a general rule, may not be so easy to find and serve." *G.D. Searle*, 455 U.S. at 410, 102 S.Ct. at 1142.

In *Bendix*, the Supreme Court found that Ohio's interest in protecting its residents through the tolling provision was outweighed by the burden on interstate commerce caused by subjecting foreign corporations to the general jurisdiction of Ohio courts. *Bendix*, —— U.S. at ——, 108 S.Ct. at 2222. However, when the New Jersey tolling provision is construed as allowing foreign corporations to limit designation of a representative for service of process only to actions where due process would otherwise permit exercise of either general or specific jurisdiction, New Jersey's interest in protecting its residents through the tolling provision is not outweighed by the burden on interstate commerce. The burden caused by N.J.S.A. 2A:14–22 would be minimal. A foreign corporation that so limited its designation of a representative for service of process would not be subject to the general jurisdiction of New Jersey courts unless its contacts with New Jersey were otherwise sufficient under due process analysis. For those corporations with contacts with New Jersey that would already support an exercise of general jurisdiction under New Jersey's Long–Arm Rule, designating a representative for service of process would not expose them to any additional exercise of jurisdiction by New Jersey courts. The only tangible burden on foreign corporations caused by 2A:14–22 is the actual physical requirement to designate a representative for service of process in order to gain the protection of the limitations period. While this requirement is not placed upon New Jersey corporations, the minimal burden created is plainly outweighed by the state's legitimate interest in encouraging foreign corporations to des-

---

**8.** It should be noted that although New Jersey corporations are not obligated under N.J.S.A. 2A:14–22 to designate a representative in order to gain the benefit of the statute of limitations, all New Jersey corporations are required under state law to maintain a registered office and a registered agent upon whom process can be served.

The relevant statutes provide in part:

14A:4–1. Registered office and registered agent

(1) Every corporation organized for any purpose under any general or special law of this State and every foreign corporation authorized to transact business in this State shall continuously maintain a registered office in this State, and a registered agent having a business office identical with such registered office.

\* \* \* \* \* \*

14A:4–2. Function of registered agent and office; service of process, notice or demand

(1) Every registered agent shall be an agent of the corporation which has appointed him, upon whom process against the corporation may be served.

ignate a representative for service of process in order to facilitate the institution of suit by New Jersey residents against foreign corporations that may otherwise be hard to locate even though they are amenable to New Jersey's long-arm jurisdiction.

Therefore, after weighing New Jersey's interests against the restraint proposed on interstate commerce, the Court finds N.J. S.A. 2A:14–22 is not unconstitutional since it is subject to a construction that allows foreign corporations to limit designation of a representative for service of process to actions in which due process analysis would otherwise support the exercise of jurisdiction by New Jersey courts.

### III. CONCLUSION

For the reasons set forth above, the Court finds that the New Jersey tolling statute, N.J.S.A. 2A:14–22 is constitutional and therefore denies defendants' motion for summary judgment.