The attorney for defendant will prepare the order in accordance with this opinion.

599 A.2d 609

HENRIETTA JONES, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF EDWIN JONES v. LEONARD J. BUCK, ET AL.

Superior Court of New Jersey
Law Division (CIVIL)
Middlesex County

Decided October 25, 1991.

*Arthur D. Bromberg,* for defendant Amtorg Trading Corp. (*Picillo, Bromberg & Caruso*).

*Ronald S. Suss,* for plaintiff (*Levinson, Axelrod, Wheaton & Grayzel*).

LERNER, J.S.C.

The issue before me is whether a statute, which prevented the tolling of the Statute of Limitations being subsequently declared unconstitutional, is prospective or retrospective in application to an individual plaintiff.

Edwin C. Jones (hereinafter Jones) [1] instituted this action on May 18, 1987, alleging injury as a result of exposure to asbestos.

Jones, in his answers to interrogatories, indicated that he was informed by his family physician as early as 1983, that his chest x-rays reflected asbestosis. In August of 1984, Jones was admitted to Somerset Medical Center where he was again diagnosed with asbestosis, amongst other ailments. In addition, Jones was examined by Dr. Elaine Panitz in February 1985. Dr. Panitz provided plaintiff's attorney with a report stating that Jones suffered from "asbestotic pleural calcification and parenchymal asbestosis." The report further stated that Jones had been informed of his increased risk of lung cancer due to his combined exposure to asbestos and tobacco smoke.

Defendant, Amtorg Trading Corp., (hereinafter Amtorg), is a foreign corporation which does not have a registered agent for service within the state. Defendant brings this motion to dismiss plaintiff's complaint for failure to comply with *N.J.S.A.* 2A:14–2.

*N.J.S.A.* 2A:14–2 provides:

Every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this state shall be commenced within 2 years next after the cause of any such action shall have accrued.

In the context of asbestos litigation, the discovery principle applies. Plaintiff's cause of action would therefore not accrue "until the injured party discovers or by an exercise of reasonable diligence and intelligence should have discovered that he may have a basis for an actionable claim." *Lopez v. Swyer*, 62 *N.J.* 267, 272, 300 *A.*2d 563 (1973). The principle has been extended to mean that accrual occurs when plaintiff establishes a nexus between his injury and his exposure to

---

[1] Edwin Jones died on July 22, 1989. His wife intervenes on the survivorship claim and the complaint has been amended to include a count for wrongful death. Plaintiff's wrongful death claim is not in dispute.

asbestos. *Jarusewicz v. Johns–Manville Products Corp.*, 188 *N.J.Super.* 638, 644, 458 *A.*2d 156 (Law Division 1983).

Under the principles espoused above, plaintiff's cause of action would surely fail. The latest Jones could have alleged he lacked knowledge of a nexus between his injury and his occupational exposure to asbestos would be February 1985, when his attorney was in possession of the report of Dr. Panitz.

Plaintiff concedes that her survivorship claim would fail but for the New Jersey tolling statute, *N.J.S.A.* 2A:14–22. The statute provides:

If any person against whom there is any of the causes of action specified in sections 2A:14–1 to 2A:14–5 and 2A:14–8, or if any surety against whom there is a cause of action specified in any of the sections of article 2 of this chapter, is not a resident of this State when such cause of action accrues, or removes from this State after the accrual thereof and before the expiration of the times limited in said sections, or if any corporation or corporate surety not organized under the laws of this State, against whom there is such a cause of action, is not represented in this State by any person or officer upon whom summons or other original process may be served, when such cause of action accrues or at any time before the expiration of the times so limited, the time or times during which such person or surety is not residing within this State or such corporation or corporate surety is not so represented within this State shall not be computed as part of the period of time within which such an action is required to be commenced by the section. The person entitled to any such action may commence the same after the accrual of the cause therefor, within the period of time limited therefor by said section, exclusive of such time or times of nonresidence or nonrepresentation.

A corporation shall be deemed represented for purposes of this section if the corporation has filed with the Secretary of State a notice designating a representative to accept service of process.

Defendant contends the statute is unconstitutional as a burden on interstate commerce.

The tolling statute, in its original form, was successfully challenged in *Coons v. American Honda Motor Co.*, 94 *N.J.* 307, 463 *A.*2d 921 (1983) aff'd, 96 *N.J.* 419, 476 *A.*2d 763 (1984) *cert. denied*, 469 *U.S.* 1123, 105 *S.Ct.* 808, 83 *L.Ed.*2d 800 (1985). In response to the *Coons* decision, the legislature amended the tolling statute to allow a foreign corporation to designate a representative to accept service of process.

In *Bendix Corp. v. Midwesco Enterprises*, 486 *U.S.* 888, 108 *S.Ct.* 2218, 100 *L.Ed.*2d 896 (1988), the United States Supreme Court considered a statute similar to the New Jersey tolling statute and its effects upon interstate commerce. The *Bendix* court held that such a statute imposed an unreasonable burden on interstate commerce. *Id.* at 891, 108 *S.Ct.* at 2220, 100 *L.Ed.*2d at 902.

New Jersey's tolling statute, as amended, was challenged in *Juzwin v. Asbestos Corp. Ltd.*, 900 *F.*2d 686 (3rd Cir.1990). While the *Juzwin* court found that New Jersey's long-arm rule provided "a relatively simple means of promptly effecting service of process on most foreign corporations." *Id.* at 691, the court further held that a more narrowly tailored statute would be appropriate in those situations where a foreign defendant could not be located. *Juzwin* at 691.

Furthermore, since the motion *sub judice* was filed, the Superior Court of New Jersey, Appellate Division, decided *DiFalco v. Subaru of America, Inc.*, 244 *N.J.Super.* 530, 582 *A.*2d 1284 (1990). The court, relying on *Bendix, supra,* and *Juzwin, supra* held that the tolling statute was unconstitutional in that it posed a substantial burden on interstate commerce. Therefore, defendant is right in its assertion that *N.J.S.A.* 2A:14–22 is violative of the Commerce Clause of the United States Constitution.

The substantial issue before this court is whether the ruling regarding the statute's unconstitutionality should be applied retroactively. It should be noted at the outset that the *DiFalco* court held that its ruling would be prospective from the time of the *Bendix* decision, June 17, 1988, *DiFalco*, 244 *N.J.Super.* at 536, 582 *A.*2d 1284. Despite the ruling in *DiFalco*, defendant urges this court to apply its decision retroactively.

The United States Supreme Court has set forth a three-prong test in determining whether a ruling should be applied prospectively:

First, the decision to be applied nonretroactively should establish a new principle of law, either by overruling clear past precedent on which litigants may have relied (citations omitted), or by deciding an issue of first impression whose resolution was not clearly foreshadowed (citations omitted). Second, it has been stressed that "we must. . . . weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation," (citations omitted). Finally, we have weighed the inequity imposed by retroactive application, for "[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the injustice or hardship by a holding of nonretroactivity," (citations omitted).

*Chevron Oil Co. v. Huson*, 404 *U.S.* 97, 106, 92 *S.Ct.* 349, 355, 30 *L.Ed.*2d 296, 306 (1971).

Defendant urges that under the first prong of the *Chevron* analysis, plaintiff had no justification in relying on the tolling statute to delay filing suit, since there had been no definitive ruling concerning the statute as amended. Defendant's argument, however, is misplaced. "[T]he presumption is that the legislature acted with existing constitutional law in mind and intended the act to function in a constitutional manner." *State v. Profaci*, 56 *N.J.* 346, 349, 266 *A.*2d 579 (1970). Furthermore, since the legislature tailored the original statute in response to the constitutional deficiencies espoused in *Coons*, supra, plaintiff had the right to assume those deficiencies had been corrected. The earliest plaintiff would have had notice that the tolling statute might be unconstitutional would be upon the rendering of the opinion in *Bendix*, supra.

While defendant may be on point in its assertion that prospective application of this ruling would retard the purpose of eliminating the burden that the tolling statute places on interstate commerce, the substantial prejudice that plaintiff would suffer far outweighs the burden on defendant. Were this ruling applied retroactively, plaintiff would no longer have a cause of action for his inquiries. Defendant, however, can point to no factor whereby it would be prejudiced if the ruling were applied prospectively.

In light of the fact that plaintiff had a more than reasonable basis on which to rely on the constitutionality of the tolling

statute, a dismissal of plaintiff's action would create a substantial injustice. This court is also bound by the *DiFalco* court's holding that decision should be applied prospectively. Therefor, defendant's motion for summary judgment is denied.