601 A.2d 739

LEWIS J. RAGAN AND LINDA RAGAN, PLAINTIFFS–APPEL-
LANTS, v. GEORGE K. DUKES AND ROYAL CAKE COM-
PANY, INC., DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued October 29, 1991—Decided January 17, 1992.

Before Judges MICHELS, O'BRIEN and CONLEY.

*Noah H. Kushlefsky* argued the cause for appellants (*Kreindler & Kreindler,* attorneys; *Noah H. Kushlefsky,* of counsel; *Noah H. Kushlefsky* and *David Beekman,* on the brief).

*Sean F. Colquhoun* argued the cause for respondents (*Colquhoun & Colquhoun,* attorneys; *Robert F. Colquhoun,* of counsel and on the brief).

The opinion of the court was delivered by

MICHELS, P.J.A.D.

Plaintiffs Lewis J. Ragan and Linda Ragan appeal from a final judgment of the Law Division that dismissed their complaint against defendants George K. Dukes (Dukes) and Royal Cake Company, Inc., in this personal injury negligence action on the ground that the action was barred by our two-year statute of limitations.

On September 2, 1987, Lewis J. Ragan, a citizen and resident of the State of Rhode Island, was injured in a multi-vehicle accident on the New Jersey Turnpike. He was driving a tractor trailer and was hit in the rear by a truck driven by Dukes, a citizen and resident of the State of North Carolina. The truck driven by Dukes was owned and operated by Royal Cake Company, Inc., a corporation of the State of North Carolina. On January 14, 1991, plaintiffs instituted this action against Dukes and Royal Cake Company, Inc., to recover damages for the personal injuries he sustained in the accident. Linda Ragan sued *pro quod* for her loss of consortium. Defendants immediately moved to dismiss the action on the ground that it was barred by the two-year statute of limitations. Plaintiffs opposed the motion, arguing that the statute was tolled by the provisions of *N.J.S.A.* 2A:14–22. Relying on *Coons v. American Honda Motor Co. (Coons I )*, 94 *N.J.* 307, 463 *A.*2d 921 (1983), *modified* 96 *N.J.* 419, 476 *A.*2d 763 (1984), *cert. denied*, 469 *U.S.* 1123, 105 *S.Ct.* 808, 83 *L.Ed.*2d 800 (1985), which held the pre-amended version of *N.J.S.A.* 2A:14–22 unconstitutional, the trial court granted the motion. This appeal followed. Although we disagree with the trial court's determination that *Coons I* was applicable notwithstanding the 1984 amendment to the tolling statute, *N.J.S.A.* 2A:14–22, we are satisfied that the action is time-barred by the two-year statute of limitations, and, therefore, affirm.

In New Jersey there is a two-year statute of limitations for personal injury actions. *N.J.S.A.* 2A:14–2 provides:

> Every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this state shall be commenced within 2 years next after the cause of any such action shall have accrued.

The statute of limitations was, however, tolled for any period that a person or corporation was not either a resident or represented in the State. *N.J.S.A.* 2A:14–22, (*L.* 1984, *c.* 131, § 1), the tolling statute, as amended, which became effective on August 23, 1984, provides:

**Nonresidence of person liable**

> If any person against whom there is any of the causes of action specified in sections 2A:14–1 to 2A:14–5 and 2A:14–8, or if any surety against whom there is a cause of action specified in any of the sections of article 2 of this chapter, is not a resident of this State when such cause of action accrues, or removes from this State after the accrual thereof and before the expiration of the times limited in said sections, or if any corporation or corporate surety not organized under the laws of this State, against whom there is such a cause of action, is not represented in this State by any person or officer upon whom summons or other original process may be served, when such cause of action accrues or at any time before the expiration of the times so limited, the time or times during which such person or surety is not residing within this State or such corporation or corporate surety is not so represented within this State shall not be computed as part of the periods of time within which such an action is required to be commenced by the section. The person entitled to any such action may commence the same after the accrual of the cause therefor, within the period of time limited therefor by said section, exclusive of such time or times of nonresidence or nonrepresentation.

> A corporation shall be deemed represented for purposes of this section if the corporation has filed with the Secretary of State a notice designating a representative to accept service of process. [ (Footnote omitted) ].

The pivotal issue before us here is not whether the amendment is unconstitutional, but rather at what point in time our courts should recognize the amended tolling statute, *N.J.S.A.* 2A:14–22, as being unconstitutional, and, thus commence the running of the statute of limitations against plaintiffs' action. In *Bendix Autolite Corp. v. Midwesco Enterprises,* 486 *U.S.* 888, 108 *S.Ct.* 2218, 100 *L.Ed.*2d 896 (1988), the United States Supreme Court considered the impact of the Commerce Clause upon the tolling provisions of an Ohio statute, similar to that of *N.J.S.A.* 2A:14–22. The Supreme Court described the Ohio tolling provision as follows:

Ohio recognizes a 4-year statute of limitations in actions for breach of contract or fraud. The statute is tolled, however, for any period that a person or corporation is not "present" in the State. To be present in Ohio, a foreign corporation must appoint an agent for service of process, which operates as consent to the general jurisdiction of the Ohio courts. Applying well-settled constitutional principles, we find the Ohio statute that suspends limitations protection for out-of-state entities is a violation of the Commerce Clause. [*Id.* at 889, 108 *S.Ct.* at 2219, 100 *L.Ed.*2d at 901].

The Supreme Court then concluded:

The burden the tolling statute places on interstate commerce is significant. Midwesco has no corporate office in Ohio, is not registered to do business there, and has not appointed an agent for service of process in the State. To gain the protection of the limitations period, Midwesco would have had to appoint a resident agent for service of process in Ohio and subject itself to the general jurisdiction of the Ohio courts. This jurisdiction would extend to any suit against Midwesco, whether or not the transaction in question had any connection with Ohio. The designation of an agent subjects the foreign corporation to the general jurisdiction of the Ohio courts in matters to which Ohio's tenuous relation would not otherwise extend. *Cf. World-Wide Volkswagen Corp. v. Woodson,* 444 *U.S.* 286, 62 *L.Ed.*2d 490, 100 *S.Ct.* 559 (1980). The Ohio statutory scheme thus forces a foreign corporation to choose between exposure to the general jurisdiction of Ohio courts or forfeiture of the limitations defense, remaining subject to suit in Ohio in perpetuity. Requiring a foreign corporation to appoint an agent for service in all cases and to defend itself with reference to all transactions, including those in which it did not have the minimum contacts necessary for supporting personal jurisdiction, is a significant burden. *See Asahi Metal Industry Co. v. Superior Court,* 480 *U.S.* 102, 114, 94 *L.Ed.*2d 92, 107 *S.Ct.* 1026 (1987). [*Id.* at 891–93, 108 *S.Ct.* at 2221, 100 *L.Ed.*2d at 902–03 (footnote omitted)].

The federal courts directly applied the *Bendix* holding to the New Jersey tolling statute in *Robinson v. Visual Packaging, Inc.,* 705 *F.Supp.* 216 (D.N.J.1989). There, the District Court held "that New Jersey's statute is indistinguishable for constitutional purposes from the Ohio statute in *Bendix,* and that under *Bendix* N.J.Stat.Ann. § 2A:14–22 is unconstitutional under the Commerce Clause of the Constitution." 705 *F.Supp.* at 219 (footnote omitted). The District Court reasoned that while the 1984 amendment to the tolling statute eliminated the "forced licensure" infirmity of the pre-amended statute, the statute nonetheless still placed a burden on foreign corporations that the *Bendix* court held unconstitutional. *Id.* at 220.

*But see Cutler v. Raymark Indus., Inc.*, 707 *F.Supp.* 168, 174 (D.N.J.1989).

Similarly, in *Juzwin v. Asbestos Corp., Ltd.*, 900 *F.*2d 686, 690 (3rd Cir.1990), *cert. denied,* —— *U.S.* ——, 111 *S.Ct.* 246, 112 *L.Ed.*2d 204 (1990), the Third Circuit Court of Appeals found the amended tolling statute unconstitutional. The Third Circuit held "that the New Jersey tolling statute is invalid under heightened scrutiny because New Jersey has offered no reason why the state's legitimate purpose could not be served as well by the adoption of a more narrowly drawn statute." 900 *F.*2d at 690 (footnotes and citation omitted). The Third Circuit was troubled in that " '[e]ven where absent residents could be served outside the State, the statute still provides for tolling.' " *Id.* (quoting *Velmohos v. Maren Eng'g Corp.*, 83 *N.J.* 282, 416 *A.*2d 372, *vacated,* 455 *U.S.* 985, 102 *S.Ct.* 1605, 71 *L.Ed.*2d 844 (1982)). Thus, the Third Circuit found that

> New Jersey's legitimate interest could adequately be protected by a statute that permits a court to order the statute of limitations to be tolled when it is satisfied that, in spite of diligent efforts, long-arm service cannot be effectuated either because the corporation is beyond the reach of the long-arm rule or because it cannot be found for mail service. *See Bendix,* 486 *U.S.* at 898, 108 *S.Ct.* at 2224 (Scalia, J. concurring). [*Id.* at 690].

Finally, the Third Circuit commented that:

> The purpose of our ruling, then, is to prevent New Jersey from discriminating against out-of-state corporations solely on the basis that they cannot be served within the state. The ruling recognizes the principle that "[o]ne who by law is subject to a state's jurisdiction is effectively present and represented within that state." *Cohn v. G.D. Searle & Company,* 447 *F.Supp.* 903 at 912 (D.N.J.1978) (citations omitted). The effect of our ruling is to ensure that, like New Jersey corporations, foreign corporations that at all times are amenable to service of process under the long-arm rule have the benefit of the state's statutes of limitations. Implementation of our decision will bring New Jersey law into conformity with the rule in the majority of states, that amenability to process by long-arm service renders a tolling statute inapplicable. [*Id.* at 696].

Recently, we applied the *Bendix* holding and found the amended tolling statute unconstitutional. In *DiFalco v. Subaru of American, Inc.*, 244 *N.J.Super.* 530, 535–36, 582 *A.*2d 1284 (App.Div.1990), *certif. granted,* 126 *N.J.* 342, 598 *A.*2d 898 (1991), we stated:

> The Attorney General asks that we interpret the tolling provision so as to satisfy the requirements of the commerce clause and thereby find the statute constitutional. To do so under the standards enunciated in *Bendix* and *Juzwin* we would have to read it to limit the purpose of the designated representation to cases where New Jersey courts may exercise extraterritorial jurisdiction and to authorize the tolling of limitations only where the plaintiff can show diligent, though unsuccessful, efforts to effectuate long-arm service. Substantial authority exists for such "judicial surgery." ... We surmise from the vigorous dissents in *Coons I* that such an undertaking must have been considered by the Supreme Court when that case was decided, but was set aside because of complex policy considerations, not readily apparent, which the Court determined should be better left to the Legislature. For this reason we decline to accord this statute the requested reading. [(Citations omitted)].

Therefore, we held that:

> For the reasons set forth in *Bendix Corp. v. Midwesco Enterprises, supra,* and *Juzwin v. Asbestos Corp., Ltd., supra,* we conclude that *N.J.S.A.* 2A:14-22, as amended in 1984, is violative of the commerce clause and therefore invalid. We further conclude that this determination shall be prospective from the date of the *Bendix* decision. Although *Juzwin* accorded retroactive application to its decision, we defer to the retroactivity analysis of our Supreme Court in *Coons v. American Honda Motor Co., Inc.,* 96 *N.J.* 419, 435, 476 *A.*2d 763 (1984) (*Coons II*). See *Dewey v. R.J. Reynolds Tobacco Co.,* 121 *N.J.* 69, 79– 80, 577 *A.*2d 1239 (1990).
>
> The determination of the Law Division that the tolling provision of the statute of limitations, *N.J.S.A.* 2A:14-22, is constitutional, is reversed. Because our determination of unconstitutionality is prospective only as of the date of *Bendix,* the statute of limitations did not commence running against Takata until June 17, 1988, and the amended complaint against Takata dated October 5, 1989, is not barred by the two-year statute of limitations, *N.J.S.A.* 2A:14-2. Accordingly, the order of the Law Division denying Takata's motion for summary judgment is affirmed. (*Id.* at 536–37, 582 *A.*2d at 1287].

In *Crespo v. Stapf,* 242 *N.J.Super.* 254, 261, 576 *A.*2d 346 (Law Div.1990), *aff'd o.b.,* 248 *N.J.Super.* 349, 591 *A.*2d 277 (App.Div.), *certif. granted,* 126 *N.J.* 385, 599 *A.*2d 162 (1991), which we affirmed on the opinion in the Law Division, the statute was considered in the context of nonresident individuals. Applying the balancing test, it was held that the tolling statute was unconstitutional under the Commerce Clause. Judge Wefing in the Law Division reasoned that "[i]f a foreign corporation cannot be required to obtain such a certificate, [then] an individual may not be required to take up residency" in order to avoid the tolling of the statute of limitations. *Id.* at 260.

Careful analysis of the foregoing cases and the principles discussed therein compels the conclusion that the amended tolling statute, *N.J.S.A.* 2A:14–22, should be considered unconstitutional as of June 17, 1988, the date that the decision in *Bendix Autolite Corp. v. Midwesco Enterprises, supra,* was handed down by the United States Supreme Court. We agree with *DiFalco v. Subaru of America, Inc., supra,* which declared *N.J.S.A.* 2A:14–22, as amended in 1984, to be violative of the Commerce Clause and, therefore, unconstitutional and invalid, and that such declaration should be prospective from June 17, 1988. Consequently, since plaintiffs instituted this action on January 14, 1991, more than two years after the accident of September 2, 1987 and more than two years after June 17, 1988 (when the amended tolling statute should be considered unconstitutional), plaintiffs' claims are time-barred.

Accordingly, the judgment under review is affirmed.