742 A.2d 980 (1999)
327 N.J. Super. 119
Mitchell KNAUF, Plaintiff-Appellant,
v.
Jay Alan ELIAS and Thomas C. Hubbard, Defendants, and
Joseph Barulich, Steven Florio and Anthony Spatafora, Defendants-Respondents.
Superior Court of New Jersey, Appellate Division.
Submitted September 28, 1999.
Decided December 28, 1999.
*981 Drazin and Warshaw, for plaintiff-appellant (Steven L. Kessel, Red Bank, on the brief).
Maloof, Lebowitz, Connahan & Oleske, Chatam, for defendants-respondents Joseph Barulich and Anthony Spatafora (Rocco T. Casale, on the brief).
Waldman & Moriarty, Red Bank, for defendant-respondent Steven Florio (Andrew T. Walsh, on the brief).
Before Judges MUIR, Jr., and CUFF.
The opinion of the court was delivered by CUFF, J.A.D.
In this appeal we must decide whether a plaintiff must resort to R. 4:26-4, the fictitious party rule, before he can benefit from N.J.S.A. 2A:14-22, which tolls the statute of limitations when defendants do not reside in New Jersey or remove themselves from this state and they are not amenable to long-arm jurisdiction. We hold that plaintiff was not required to file a complaint utilizing the fictitious party practice prior to learning the identity of the out-of-state defendants and reverse the two orders granting defendants Barulich's and Florio's motions for summary judgment.
*982 The facts in this case are not in dispute. On January 18, 1992, plaintiff Mitchell Knauf was driving northbound on Route 35 in Hazlet. Defendants, Jay Elias, Steven Florio and Thomas Hubbard were passengers in a car proceeding in the same direction on Route 35 driven by defendant Joseph Barulich. The two cars stopped side by side at a light near the intersection of Holmdel Road and Route 35. The occupants of both cars engaged in a verbal confrontation which escalated to a physical altercation when plaintiff and the passengers of the Barulich vehicle exited their cars. After a few minutes, the fight broke up and the combatants returned to their cars. However, defendant Elias drew a pistol he carried and shot plaintiff in the neck. The shot fired by defendant Elias rendered plaintiff a paraplegic. With defendant Barulich at the wheel, all defendants fled the scene and drove to New York City. Defendant Barulich later told police that defendant Elias threatened him with serious bodily harm if he ever told anyone about the incident.
Despite police involvement shortly after the shooting, the identity of plaintiff's assailants remained unknown to the police and plaintiff until June 20, 1996. At that time, the Hazlet Police received a lead from a third party regarding the identity of plaintiff's assailants during an investigation of an unrelated incident. On August 21, 1996, within two months of plaintiff's receipt of information concerning the identities of defendants, he filed a complaint for personal injuries sustained in the January 1992 shooting.
It is undisputed that defendants Barulich and Elias were at all times residents of the State of New York. Defendant Florio's residence is not as clear. At the time of the shooting, defendant Florio resided in Hazlet. The record strongly suggests that Florio removed himself from his Hazlet residence soon after the shooting and resided in New York for a considerable period of time following the shooting.
On August 21, 1996, a two count complaint was filed against defendants Elias, Barulich, Florio, Thomas Hubbard and Anthony Spatafora. Count One alleged that defendant Elias intentionally shot plaintiff and that defendants Barulich, Florio and Hubbard assisted, encouraged and aided defendant Elias. Count Two alleged that defendant Elias' actions were negligent and that defendants Barulich, Florio and Hubbard assisted, encouraged and aided him. Answers were filed by defendant Barulich, defendant Florio, and defendant Spatafora, the owner of the car driven by Barulich. Defendant Spatafora's motion for summary judgment was granted on the basis of lack of agency. No appeal has been taken from this order.
Defendant Barulich moved for summary judgment in 1997. He argued that the statute of limitations expired on January 18, 1994, and plaintiff did not file a "John Doe" complaint. Plaintiff responded that the statute of limitations was tolled pursuant to N.J.S.A. 2A:14-22. By order dated August 6, 1997, defendant Barulich's motion for summary judgment was granted. In his oral opinion, the motion judge held a plaintiff cannot rely on the discovery rule when he knows he has a cause of action but cannot identify the tortfeasor. He stated that plaintiff's remedy in such a situation is to file a complaint utilizing a fictitious name. By order dated September 25, 1998, defendant Florio's motion for summary judgment was granted by a different judge for the same reasons.
On appeal, plaintiff argues that neither the fictitious name practice nor the discovery rule are applicable when the statute of limitations has been statutorily tolled. We agree and reverse both orders granting summary judgment in favor of defendants Barulich and Florio.
The ordinary statute of limitations for personal injuries, N.J.S.A. 2A:14-2, requires a complaint to be filed within two years after the cause of action accrues. Here, plaintiff was shot on January 18, *983 1992. Ordinarily, a complaint should have been filed no later than January 18, 1994.
Limitation statutes purport to stimulate plaintiffs to act, punish plaintiffs' negligence for inaction, and promote repose for defendants against stale claims where memories fade, witnesses are no longer available, and evidence is unattainable. Chase Sec. Corp. v. Donaldson, 325 U.S. 304, 314, 65 S.Ct. 1137, 1142, 89 L.Ed. 1628, 1635 (1945); Wood v. Carpenter, 101 U.S. 135, 139, 11 Otto 135, 139, 25 L.Ed. 807, 808 (1879); Zaccardi v. Becker, 88 N.J. 245, 256, 440 A.2d 1329 (1982). Allowing a plaintiff to voluntarily sleep on his rights permitting the expiration of the period of limitations causes "the pertinent considerations of individual justice as well as the broader considerations of repose, [to] coincide to bar his action." Fernandi v. Strully, 35 N.J. 434, 438, 173 A.2d 277 (1961).
However, there are times when statutes of limitations are suspended in an attempt to relieve hardship which may occur from strict adherence. Viviano v. CBS, Inc., 101 N.J. 538, 546, 503 A.2d 296 (1986). The courts have relaxed the limitations statutes by designing an equitable principle called the "discovery rule." Ibid. This rule shields a plaintiff from the accrual of his cause of action "`until the injured party discovers, or by an exercise of reasonable diligence and intelligence should have discovered that he may have a basis for an actionable claim.'" Ibid. (quoting Lopez v. Swyer, 62 N.J. 267, 272, 300 A.2d 563 (1973)). However, the rule does not afford protection to a "plaintiff [who] knows about the injury but cannot determine the tortfeasor's identity." Dunn v. Borough of Mountainside, 301 N.J.Super. 262, 274, 693 A.2d 1248 (App.Div.1997), certif. denied, 153 N.J. 402, 709 A.2d 795 (1998). The discovery rule is unavailable to plaintiff because it was apparent at the time of the shooting that plaintiff's injuries were a direct result of another's wrongful conduct.
N.J.S.A. 2A:14-2 may also be tolled statutorily which, like the discovery rule, serves to abate hardship that may ensue from the imposition of the limitation statutes under certain circumstances. N.J.S.A. 2A:14-22 suspends the statute of limitations when the defendant is a non resident or removes himself from this State and long-arm service cannot be effectuated. N.J.S.A. 2A:14-22 provides in pertinent part:
If (1) any person against whom there is any of the causes of action specified in sections 2A:14-1 to 2A:14-5 and 2A:14-8,... is not a resident of this State when such cause of action accrues, or removes from this State after the accrual thereof and before the expiration of the times limited in said sections ... and (2) it appears by affidavit of plaintiff's attorney or of any person having knowledge of the facts that, after diligent inquiry and effort, long-arm service cannot be effectuated, the time or times during which such person ... is not residing within this State ... shall not be computed as part of the periods of time within which such an action is required to be commenced by the section. The person entitled to any such action may commence the same after the accrual of the cause therefor, within the period of time limited therefor by said section, exclusive of such time or times of nonresidence....
[N.J.S.A. 2A:14-22a.]
The current text of N.J.S.A. 2A:14-22 reflects amendments effective January 16, 1992. The tolling provisions of the statute had been amended twice over the years in response to several successful constitutional challenges based on the Commerce Clause of the U.S. Constitution. See Coons v. American Honda Motor Co., 94 N.J. 307, 463 A.2d 921 (1983) (Coons I, cert. denied, 469 U.S. 1123, 105 S.Ct. 808, 83 L.Ed.2d 800 (1985); Juzwin v. Asbestos Corp., 900 F.2d 686 (3d Cir.), cert. denied, 498 U.S. 896, 111 S.Ct. 246, 112 L.Ed.2d 204 (1990); Robinson v. Visual Packaging, *984 Inc., 705 F.Supp. 216 (D.N.J.1989); DiFalco v. Subaru of Am., Inc., 244 N.J.Super. 530, 582 A.2d 1284 (App.Div.1990), appeal dismissed, 130 N.J. 585, 617 A.2d 1213 (1992). Each of these cases discuss the tolling provisions of the statute in the context of a corporate defendant. The pre-1992 tolling provisions were also declared unconstitutional in Crespo v. Stapf 128 N.J. 351, 608 A.2d 241 (1992), a case involving a non-resident, foreign individual. The effect of the 1992 amendment was to toll the statute of limitations "not against all individual defendants who do not reside in the state, but only against those who are not subject to the jurisdiction of New Jersey courts or who cannot be found after reasonably diligent efforts." Crespo, supra, 128 N.J. at 363, 608 A.2d 241.
The general statute of limitations for personal injury actions contained in N.J.S.A. 2A:14-2 and the tolling provision for nonresident defendants not amenable to the long-arm jurisdiction of this state involve two competing public policies. The statute of limitations spares the court from the litigation of stale claims and the citizen from defending claims after memories have faded, witnesses have died or disappeared and evidence has been lost. See Lemke v. Bailey, 41 N.J. 295, 304, 196 A.2d 523 (1963) (Schettino, dissenting);[1]Union City Housing Auth. v. Commonwealth Trust Co., 25 N.J. 330, 335, 136 A.2d 401 (1957). By contrast, the tolling provision is designed to reach a just accommodation of individual justice and public policy to avoid "`obvious and unnecessary harm [to] individual plaintiffs.'" Velmohos v. Maren Eng'g Corp., 83 N.J. 282, 293, 416 A.2d 372 (1980)[2] (quoting Galligan v. Westfield Centre Serv., Inc., 82 N.J. 188, 192, 412 A.2d 122 (1980)), judgment vacated, 455 U.S. 985, 102 S.Ct. 1605, 71 L.Ed.2d 844 (1982). As amended, the current version of N.J.S.A. 2A:14-22 fosters New Jersey's legitimate interest in tolling the statute of limitations only against those who are not subject to the jurisdiction of New Jersey courts or who cannot be found after reasonably diligent efforts. Crespo, supra, 128 N.J. at 363, 608 A.2d 241. Notably, the tolling provision of N.J.S.A. 2A:14-22 applies to corporate and individual defendants alike. Id. at 364, 608 A.2d 241. See also N.J.S.A. 2A:14-22(a)(1), -22(c).
Both motion judges relied on the fictitious party rule to dismiss plaintiff's complaint. R. 4:26-4 provides:
In any action, irrespective of the amount in controversy, other than an action governed by R. 4:4-5 (affecting specific property or a res), if the defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name, stating it to be fictitious and adding an appropriate description sufficient for identification. Plaintiff shall on motion, prior to judgment, amend the complaint to state defendant's true name, such motion to be accompanied by an affidavit stating the manner in which that information was obtained.... No final judgment shall be entered against a person designated by a fictitious name.
The fictitious party rule serves to protect a plaintiff who is aware of a cause of action against a defendant whose identity is unknown. Gallagher v. Burdette-Tomlin Medical Hosp., 318 N.J.Super. 485, 492, 723 A.2d 1256 (App.Div.), leave to appeal granted, 160 N.J. 86, 733 A.2d 491 (1999). As stated in the rule, suing a defendant under a fictitious name allows a plaintiff to later amend the complaint to reflect defendant's true name and effectuate service after the statute of limitations has run. Farrell v. Votator Div. of Chemetron Corp., 62 N.J. 111, 119-20, 299 A.2d 394 (1973). The amended complaint is construed *985 to relate back to the original complaint, allowing plaintiff to maintain an action which otherwise may be time barred. Id. at 120-23, 299 A.2d 394. Failure to utilize the fictitious party rule may result in plaintiff's action being barred if an unknown defendant, later identified, is sued after the statute of limitations has run. Lawrence v. Bauer Publ'g & Printing Ltd., 78 N.J. 371, 375-76, 396 A.2d 569 (1979), certif. granted, 87 N.J. 331, 434 A.2d 80 (1981), rev'd on other grounds, 89 N.J. 451, 446 A.2d 469, cert. denied, 459 U.S. 999, 103 S.Ct. 358, 74 L.Ed.2d 395 (1982).
The motion judges' focus on the fictitious party rule suggests they considered the argument concerning the applicability of the tolling statute identical to fictitious name practice. The statute and rule serve similar, but not identical, purposes. Each is designed to protect plaintiffs from unnecessary harm. However, the fictitious party practice is available when a cause of action has accrued, the identity of the actor is unknown, but circumstances exist in which the identity of the unknown defendant is reasonably capable of discovery. The statutory tolling provision is invoked whether the identity of the defendant is known or unknown. The event which triggers the statutory tolling provision is the absence of the defendant from this state and the inability to affect long-arm service. In the case involving unknown resident and nonresident defendants, each rule may be applicable and failure to utilize the fictitious party rule may doom the case against a resident defendant. However, the statutory tolling provision has a wholly different effect because the statute of limitations never begins to run or is interrupted when the non resident defendant cannot be served. Although the statute does not speak explicitly to a non-resident defendant whose identity is unknown, we perceive no sound reason to deny the applicability of the statute to this situation particularly when one of the defendants never resided in New Jersey and consciously conducted his affairs to conceal his identity and remain in New York and the other defendant concealed his identity, removed himself from New Jersey, and consciously conducted his affairs to remain out of this state.
It is undisputed that defendant Barulich was a resident of Astoria, Queens, New York. The record, however, is not clear as to where defendant Steven Florio resided between the time of the shooting and the filing of the complaint. Defendant Florio's brief indicates that he lived and worked in New Jersey and was "at all times subject to service." Statements made by defendant Barulich to the Hazlet Police in regard to picking defendant Florio up in Hazlet to go to work, as well as having had dinner at defendant Florio's home in Hazlet on a few occasions, corroborate defendant Florio's residency in New Jersey. However, defendant Florio's brief also indicates that he "did work and reside in New York temporarily." The brief gives no reference to when and where defendant Florio's temporary residency and employment took place, although it is undisputed he left this state after the shooting.
The plain language of N.J.S.A. 2A:14-22 requires a conclusion that the statute of limitations was tolled as to defendant Barulich and probably tolled as to defendant Florio. It is undisputed that defendant Barulich resided in New York before and after the shooting and worked for a carting company in New York. His identity was unknown to plaintiff, as well as the police; therefore, he was not amenable to service of process. Thus, the August 6, 1997 order is reversed.
The record also strongly suggests that defendant Florio absented himself from his residence in New Jersey for a considerable period of time after the shooting. His removal from New Jersey strongly implies that he was seeking to hide his identity and avoid the consequences of his action. His actions to hide his identity also precluded service on him. The September 25, 1998 order is reversed and remanded for *986 further proceedings consistent with this opinion. On remand, further inquiry must be conducted concerning defendant Florio's actions after the shooting to determine if the statute of limitations ever commenced to run or was tolled and for what period before June 1996, when defendant Florio's identity was discovered.
Reversed and remanded for further proceedings consistent with this opinion.
NOTES
[1] Lemke involved a challenge by an individual defendant to a prior version of N.J.S.A. 2A:14-22 on equal protection grounds.
[2] Velmohos involved a challenge to N.J.S.A. 2A:14-22 by a corporate defendant on due process and equal protection grounds.