NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2191-15T4

JOSEPH D. MILLS,

 Plaintiff-Appellant,

v.

DR. RICHARD J. MILLS,
DR. PHILIP H. TSAI,
HOMEWELL SENIOR CARE,
IVY FLORENZ, a/k/a
IVY LORENZ,

 Defendants-Respondents.
____________________________________________

 Argued May 23, 2017 – Decided June 1, 2017

 Before Judges Yannotti and Fasciale.

 On appeal from Superior Court of New Jersey,
 Law Division, Bergen County, Docket No. L-
 5549-15.

 Richard S. Mazawey argued the cause for
 appellant (Law Offices of Richard S. Mazawey,
 attorneys; Mr. Mazawey, on the brief)

 Lewis M. Markowitz argued the cause for
 respondent Dr. Richard J. Mills (Gutterman,
 Markowitz & Klinger, LLP, attorneys; Mr.
 Markowitz, of counsel and on the brief; Lauren
 B. DiSarno, on the brief).
 Michael J. Keating argued the cause for
 respondent Dr. Philip H. Tsai (Dughi, Hewit &
 Domalewski, attorneys; Mr. Keating; of
 counsel; Cyndee L. Allert, on the brief).

 Ross V. Carpenter argued the cause for
 respondent Homewell Senior Care (Hardin Kundla
 McKeon & Poletto, P.A., attorneys; Paul Daly,
 of counsel and on the brief; Mr. Carpenter,
 on the brief).

PER CURIAM

 Plaintiff Joseph D. Mills appeals from orders entered by the

Law Division on: September 18, 2015, granting summary judgment to

defendant Homewell Senior Care (Homewell); October 23, 2015,

denying reconsideration of the September 18, 2015 order; December

4, 2015, granting summary judgment to defendant Dr. Richard J.

Mills; December 18, 2015, dismissing the complaint as to defendant

Dr. Philip H. Tsai; and February 8, 2016, amending and correcting

the order entered on December 4, 2015. We affirm.

 I.

 On June 8, 2015, plaintiff filed a pro se complaint in the

Law Division against Dr. Mills, Dr. Tsai, Homewell, and Homewell's

employee Ivy Florenz (also known as Ivy Lorenz). Plaintiff asserted

claims of negligent infliction of emotional distress against all

defendants. The claims arise from the death of plaintiff's father,

Joseph R. Mills (decedent).

 2 A-2191-15T4
 According to the complaint, in January 2009, decedent was

diagnosed with cancer. Thereafter, decedent and his wife came to

reside with plaintiff at his home in New Jersey. In March 2009,

decedent's wife died. Plaintiff alleged that while decedent was

grieving over the loss of his wife, his brother, Dr. Mills, "seized

this opportunity to gain control over [his father's] affairs."

Plaintiff further alleged that Dr. Mills, a neurologist, subjected

decedent to negligent treatment, which contributed to his weakened

immune system.

 Plaintiff alleged that Dr. Mills manipulated the staff at

certain medical facilities where decedent was treated. He claimed

that Dr. Mills tortured and verbally abused decedent; acted to

keep him in a care facility when he wanted to leave; manipulated

a cardiologist and forced decedent to undergo defibrillator

surgery; and led decedent to believe he was suffering from a "rare

and horrible" neurological disorder and would die a "prolonged

horrible death."

 Plaintiff further alleged that decedent stopped eating and

started removing his oxygen mask from his face. He claimed that

decedent was suicidal in the hospital where he was being treated,

and Dr. Tsai was negligent in releasing him to return home under

home hospice care. Plaintiff claimed that decedent should have

been placed in a psychiatric ward.

 3 A-2191-15T4
 According to plaintiff, Homewell, the home hospice care

provider, hired Ms. Florenz to act as a live-in nurse for decedent.

Plaintiff alleged that two nurses were required to watch decedent

continuously. He claimed that on May 24, 2009, Ms. Florenz fell

asleep, "allowing" decedent to commit suicide by removing his

oxygen mask.

 Plaintiff alleged that as a result to these and other actions,

he is "tormented by extremely stressful thoughts." He asserted

that he is plagued, day and night, with traumatic and horrible

memories, including Dr. Mills' "cruelty[,] manipulation, and

virulent abuse treatment" of his father. He asserts that he was

powerless to protect his father from Dr. Mills. He claims that he

is afraid of Dr. Mills, and is "emotionally scarred for life" as

a result of the behavior he was forced to witness.

 On August 14, 2015, Homewell filed a motion for summary

judgment seeking dismissal of all claims and cross-claims asserted

against it.1 Plaintiff opposed the motion. The Law Division judge

entered an order dated September 18, 2015, granting Homewell's

motion and dismissing the claims against it. In an accompanying

opinion, the judge found that plaintiff's claims against Homewell

1
 The record does not disclose whether Florenz was ever served
with the complaint. Homewell's motion only sought summary judgment
on the claims asserted against it.

 4 A-2191-15T4
were barred by the applicable statutes of limitations. The judge

also found that plaintiff's claim of negligent infliction of

emotional distress failed as a matter of law because plaintiff did

not personally observe his father's death.

 On September 30, 2015, plaintiff filed a motion for

reconsideration of the September 18, 2015 order. The court entered

an order dated October 23, 2015, denying the motion. In a rider

to the order, the judge stated that plaintiff had not shown any

basis for reconsideration. Plaintiff then filed a motion on short

notice to rescind the October 23, 2015 order, and to vacate the

September 18, 2015 order.

 On November 5, 2015, Dr. Mills filed a motion for summary

judgment, seeking the dismissal of all claims and cross-claims

against him. Dr. Mills argued that the claims against him were

time-barred. Plaintiff opposed the motion.

 On November 25, 2015, Dr. Tsai filed a motion to dismiss the

claims against him because plaintiff had not complied with the

Affidavit of Merit Statute (AMS), N.J.S.A. 2A:53A-27. Plaintiff

filed a cross-motion, which sought the denial of Dr. Tsai's motion

but no affirmative relief.

 The judge entered an order dated December 4, 2014, granting

Dr. Mills' motion. In the written opinion filed with the order,

the judge stated that plaintiff's claim was barred by the statute

 5 A-2191-15T4
of limitations for negligence actions, N.J.S.A. 2A:14-2(a). The

judge determined that the discovery rule did not apply, and the

doctrine of substantial compliance was not applicable. In

addition, the judge found that the statute of limitations should

not be tolled on equitable grounds.

 On December 4, 2015, the judge also entered an order on

plaintiff's request to rescind the October 23, 2015 order and

vacate the September 18, 2015 order. In the rider appended to the

order, the judge stated that plaintiff had not provided any basis

to rescind or vacate the orders. The order dated December 4, 2015,

erroneously stated, however, that the orders had been rescinded.

 On December 18, 2015, the judge entered an order granting Dr.

Tsai's motion to dismiss. In his written opinion, the judge stated

that plaintiff had asserted a claim of professional negligence

against Dr. Tsai. Therefore, the AMS applied to the claim. Because

plaintiff had not filed an affidavit of merit as required by the

AMS, the judge dismissed the claim against Dr. Tsai.

 On February 8, 2016, the judge entered an order amending the

December 4, 2015 order on plaintiff's motion to rescind the October

23, 2015 order and to vacate the September 18, 2015 order. The

amended order stated that plaintiff's motion was denied "in its

entirety." Plaintiff's appeal followed.

 On appeal, plaintiff raises the following argument:

 6 A-2191-15T4
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR
 WHEN IT DENIED APPELLANT THE OPPORTUNITY [FOR]
 A LOPEZ HEARING UNDER LOPEZ V. SWYER, 62 N.J.
 267 (1973) TO DETERMINE WHETHER THE DISCOVERY
 RULE SHOULD HAVE APPLIED TO THE PLAINTIFF-
 APPELLANT'S NEGLIGENT INFLICTION OF EMOTIONAL
 DISTRESS CLAIM.

 II.

 We note initially that the motion judge did not dismiss

plaintiff's claim against Dr. Tsai on the basis of the statute of

limitations. As we have explained, the judge determined that

plaintiff had asserted a claim of professional negligence against

Dr. Tsai, which was subject to the AMS. N.J.S.A. 2A:53A-27.

 Therefore, the AMS required plaintiff to file an affidavit

of merit from "an appropriate licensed person" stating that "there

exists a reasonable probability that the care, skill or knowledge

exercised or exhibited in the treatment, practice or work that is

the subject of the complaint, fell outside acceptable professional

or occupational standards or treatment practices." Ibid.

 The record shows that Dr. Tsai is a board-certified specialist

in oncology, and Dr. Tsai was the attending oncologist for

decedent's treatment after his admission to the hospital. In his

complaint, plaintiff alleged that Dr. Tsai had wrongfully

discharged decedent from the hospital and allowed him to return

home, despite his knowledge of decedent's suicidal tendencies and

his history of removing his oxygen mask.

 7 A-2191-15T4
 Plaintiff claims that fourteen hours after Dr. Tsai

discharged decedent from the hospital, decedent took his own life

by removing his oxygen mask. He also alleges that Dr. Tsai knew

that decedent had refused to take his oral anti-depressant

medication, but failed to prescribe an intravenous substitute.

 However, on appeal, plaintiff does not argue that the trial

court erred by granting Dr. Tsai's motion to dismiss for

plaintiff's failure to serve an affidavit of merit. It is well

established that issues not briefed on appeal are deemed waived.

Gormley v. Wood-El, 218 N.J. 72, 95 n.8 (2014); Sklodowsky v.

Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011).

 Therefore, we affirm the trial court's order dismissing the

claims against Dr. Tsai.

 III.

 We next consider plaintiff's argument that the trial court

erred by granting summary judgment in favor of Homewell and Dr.

Mills. As noted, plaintiff contends the court should have conducted

a Lopez hearing to determine when his causes of action against

Homewell and Dr. Mills accrued.

 An appellate court reviews an order granting a motion for

summary judgment "in accordance with the same standard" that

applies to the trial court's decision on the motion. Globe Motor

Co. v. Igdalev, 225 N.J. 469, 479 (2016) (quoting Bhagat v. Bhagat,

 8 A-2191-15T4
217 N.J. 22, 38 (2014)). That standard requires the trial court

to grant summary judgment "if the pleadings, depositions, answers

to interrogatories and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any

material fact challenged and that the moving party is entitled to

a judgment as a matter of law." R. 4:46-2(c).

 The court "should first decide whether there was a genuine

issue of material fact, and if none exists, then decide whether

the trial court's ruling on the law was correct." Henry v. N.J.

Dept. of Human Servs., 204 N.J. 320, 330 (2010). In doing so, the

court "must view the evidence in the light most favorable to the

non-moving party and analyze whether the moving party was entitled

to judgment as a matter of law." W.J.A. v. D.A., 210 N.J. 229, 238

(2012).

 Here, plaintiff argues that the discovery rule applies to his

claims against Homewell and Dr. Mills for negligent infliction of

emotional distress. He alleges the negligent acts of these

defendants led to the untimely death of his father on May 24,

2009, which he claims to have witnessed. Plaintiff alleges he

suffered a complete mental and emotional breakdown due to his

discovery of newly-obtained information and records related to his

father's death.

 9 A-2191-15T4
 Plaintiff further alleges that in May 2015, he discovered

"for the first time" that his father was "the victim" of

defendants' negligence. Plaintiff asserts that although he knew

he suffered an injury in May 2009, when he allegedly witnessed his

father's death, he claims he did not know that the injury was

attributable to the fault of defendants.

 As the motion judge recognized, a claim for negligent

infliction of emotional distress must be filed within two years

after the cause of action "shall have accrued." N.J.S.A. 2A:14-

2(a). The "discovery rule" is an equitable principle that serves

to ameliorate the harsh results that can sometimes flow from the

mechanical application of a statute of limitations. Henry, supra,

204 N.J. at 333.

 The discovery rule tolls the running of the statutory

limitations by "postponing the accrual of a cause of action until

the plaintiff 'learns, or reasonably should learn, the existence

of that state of facts which may equate in law with a cause of

action.'" Vispisiano v. Ashland Chem. Co., 107 N.J. 416, 426 (1987)

(emphasis omitted) (quoting Burd v. N.J. Tel. Co., 76 N.J. 284,

291 (1978)). The rule applies when an individual, by the exercise

of reasonable diligence, should have discovered that he or she has

a basis for an actionable claim. Staub v. Eastman Kodak Co., 320

 10 A-2191-15T4
N.J. Super. 34, 42-43 (App. Div. 1999) (citing Vispisiano, supra,

107 N.J. at 419)).

 Discovering that one might have a basis for
 an actionable claim means perceiving an injury
 and believing, or having reason to believe --
 with a degree of firmness that would lead a
 reasonable person to investigate the matter
 if he is interested in seeking redress -- that
 his injury was probably caused by the fault
 of another.

 [Id. at 45.]

 In this case, the motion judge determined that plaintiff's

cause of action accrued on May 24, 2009, when decedent allegedly

committed suicide as a result of the negligent actions of Dr.

Mills and Homewell. The judge noted that plaintiff alleged that

he began to suffer emotional distress in 2009, but claimed he did

not fully appreciate the effect of his father's death until several

years later, when he allegedly suffered a breakdown after reviewing

medical records and documents that detailed the alleged negligent

acts of Dr. Mills, Homewell, and others.

 The judge concluded, however, that plaintiff knew or should

have known of defendants' alleged negligent conduct at or about

the time his father died. The judge noted that while plaintiff did

not then have all of the medical records and documents related to

his father's care, plaintiff "had knowledge of and witnessed many

acts that formed the basis of a potentially actionable claim."

 11 A-2191-15T4
 The record supports the motion judge's ruling. The evidence

before the court on the summary judgment motions shows that

plaintiff personally viewed some of the alleged wrongful acts of

Homewell and Dr. Mills. He believed that his father's death on May

24, 2009, was in part due to these negligent acts. Plaintiff

asserted that after he allegedly witnessed his father's death, he

began to experience emotional distress.

 Thus, the record shows that plaintiff's cause of action for

negligent infliction of emotional distress accrued on May 24,

2009, when he allegedly witnessed his father's death and began to

experience emotional distress. At that time, plaintiff knew he had

sustained an injury. Plaintiff also knew or should have known at

that time that he had an actionable claim against Homewell and Dr.

Mills. The motion judge correctly determined that, in light of the

facts as alleged, the discovery rule did not apply to plaintiff's

claims.

 The judge also correctly determined that the substantial

compliance doctrine was inapplicable because plaintiff failed to

take any action to assert his claims in the period required for

the filing of his claims. See Galik v. Clara Maass Med. Ctr., 167

N.J. 341, 353 (2001) (noting that the substantial compliance

doctrine requires, among other things, a series of steps taken to

comply with the applicable statute (citing Bernstein v. Bd. of

 12 A-2191-15T4
Trs. of the Teachers' Pension and Annuity Fund, 151 N.J. Super.

71, 76 (App. Div. 1977))).

 In addition, the judge correctly found that the equitable

tolling doctrine was not applicable. Equitable tolling may be

applied when the plaintiff is not able to identify an alleged

tortfeasor during the limitations period. See Bernoskie v.

Zarinsky, 344 N.J. Super. 160, 167-68 (App. Div. 2001) (holding

that equitable tolling was warranted where the plaintiff was

prevented from filing an action against persons who killed her

husband because they escaped detection and apprehension for forty

years).

 Here, plaintiff knew or should have known of defendants'

alleged wrongful conduct in 2009. Moreover, plaintiff allegedly

witnessed his father's death in May 2009 and allegedly began to

experience emotional distress at that time. Plaintiff did not,

however, file his complaint until 2015. Under these circumstances,

the equities do not favor tolling the statute of limitations.

 We note that, in responding to plaintiff's arguments, Dr.

Mills argues that the trial court's order granting summary judgment

in his favor also should be affirmed because the trial court

correctly found that plaintiff did not present sufficient evidence

to support a claim for negligent infliction of emotional distress.

 13 A-2191-15T4
Under Portee v. Jaffee, 84 N.J. 88, 101 (1980), a plaintiff

asserting such a claim must show

 (1) the death or serious physical injury of
 another caused by defendant's negligence; (2)
 a marital or intimate, familial relationship
 between plaintiff and the injured person; (3)
 observation of the death or injury at the
 scene of the accident; and (4) resulting
 severe emotional distress.

 Here, the motion judge determined that plaintiff's claim

failed because plaintiff did not personally observe his father's

suicide. According to the judge, the home-health aide advised

plaintiff of his father's death after his father had already died.

Dr. Mills argues that, even if plaintiff observed his father's

death as he claims, his cause of action fails because he alleges

he did not suffer severe emotional distress until 2015, when he

reviewed the his father's medical records.

 Because we conclude that the trial court correctly determined

that plaintiff's claim against Dr. Mills was not filed within the

time required by the applicable statute of limitations, we need

not consider this alternative ground for affirming the trial

court's order.

 Affirmed.

 14 A-2191-15T4